UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

LYNN BETH BAUM,

            Debtor.
_____/

Case No. 22-40755

Chapter 13

Judge Thomas J. Tucker

LYNN BETH BAUM,

            Plaintiff,

vs.

DAVID BAUM, et al.,

            Defendants.
_____/

Adv. Pro. No. 22-4012

**OPINION REGARDING DEFENDANT'S REMAND MOTION**

**I. Introduction**

      This adversary proceeding is before the Court on the motion filed on March 8, 2022 by one of the Defendants, Alliance Equities, LLC (the "Movant"), entitled "Supplemental Defendant Alliance Equities, LLC's Motion and Brief Supporting Motion to Remand Case to State Court" (Docket # 11, the "Remand Motion"). The motion seeks a remand back to state court of the Plaintiff's four claims that were removed to this Court, based on abstention. On March 22, 2022 the Plaintiff filed a response objecting to the Motion (Docket # 19).

      The Court now concludes that a hearing on the Motion is not necessary, and that the Motion should be granted, for the following reasons.

**II. Discussion**

      The Movant argues that all four claims that the Plaintiff removed to this Court, labeled

Claim Nos. 1-4, are subject to mandatory abstention under 28 U.S.C. § 1334(c)(2). In the Plaintiff's response to the Remand Motion, the Plaintiff does not oppose remand of Claim Nos. 1-3, and "concedes that Claim [Nos.] 1-3 are subject to mandatory abstention."[1] The Plaintiff opposes remand of Claim No. 4, however, and argues that mandatory abstention does not apply to that claim, because it is a "core proceeding."[2]

### A. Background regarding the Plaintiff's removed claims

As with all four of the Plaintiff's removed claims, Plaintiff's Claim No. 4 arose from and under "a fraudulent transfer action she filed in the Oakland County Circuit Court for the State of Michigan, Case No. 2015-149725-CZ (the "Fraser Action")."[3] The relevant background, according to the Plaintiff's notice of removal, is as follows. In February 2012, the Plaintiff told her husband, David Baum, and his brother, Howard Baum, that she intended to file for divorce. Shortly after that, David Baum made fraudulent transfers of all of the parties' marital property to companies owned and operated by Howard Baum. In the Fraser Action, the Plaintiff sued Fraser Equities, LLC ("Fraser"), a company owned and operated by Howard Baum, to recover some of the fraudulent transfers. After a jury trial, the Plaintiff obtained a judgment against Fraser on September 30, 2019, for $862,278.71.

Of the Plaintiff's removed claims, Claim Nos. 1-3 are pending proceedings brought by the Plaintiff in the state court, under state law, to try to collect on her judgment against Fraser. As noted above, the Plaintiff concedes that these claims are subject to mandatory abstention.

---

[1] *See* "Debtor's Response to Motion to Remand" (Docket # 19) ("Plaintiff's Resp.") at 2.

[2] *Id.*

[3] *See* Notice of Removal (Docket # 1) at 2, ¶ 4, 4, ¶ 22.

Additional background, relevant to Claim No. 4, is as follows.

In 2018, the state court issued an injunction against the transfer of property by Fraser and others. In November 2020, the state court found Fraser in criminal contempt for violating the 2018 injunction. Later, in February 2021, the state court found that Fraser had violated the 2018 injunction, in part, by transferring $86,521.54 to its attorneys, Frank and Frank. The state court ordered Frank and Frank to disgorge the funds *by paying them to the court-appointed receiver for Fraser*.[4] Frank and Frank appealed, and obtained a stay of the disgorgement order pending appeal. The stay was conditioned upon a bond requirement, under which Frank and Frank were ordered to, and did, deposit $95,173.69 with the Clerk of the state court. Ultimately, Frank and Frank's appeal was unsuccessful, and it concluded on January 4, 2022.

The Plaintiff seeks an order requiring the state court Clerk to pay to her $88,509.25 of the appeal bond funds on deposit with the Clerk. That claim is the Plaintiff's Claim No. 4. The Plaintiff contends that the funds on deposit with the state court Clerk are Plaintiff's property, and therefore property of the bankruptcy estate in the Plaintiff's pending Chapter 13 bankruptcy case. But the Movant disputes this, and argues that these funds are the property of Fraser, subject to the control of Fraser's state court receiver.[5]

The state court orders attached as exhibits to the Plaintiff's removal notice indicate that these funds *are property of Fraser*,[6] rather than the Plaintiff. Nothing in the record shows

---

[4] *See* Ex. H to Plaintiff's Notice of Removal (Docket # 1-9) at 3 (state court's February 1, 2021 disgorgement order, ordering Frank and Frank to pay $86,521.54 "to John Polderman as Fraser's Court-appointed receiver.").

[5] *See* Remand Motion (Docket # 11) at 4-5.

[6] *See* Exs. H and I to Notice of Removal (Docket # 1).

otherwise. The Plaintiff has offered no basis for this Court to conclude that the funds on deposit with the state court Clerk are actually property of the Plaintiff's bankruptcy estate. At most, Plaintiff arguably has shown that she (and therefore her bankruptcy estate) has a lien against all property of Fraser, based on Mich. Comp. Laws § 769.1a(13).[7] The Plaintiff thus has a potential claim to receive the funds on deposit with the state court Clerk, if the state court so orders, as part of her efforts to enforce her judgment lien and thereby collect on her 2019 judgment against Fraser, based on state law.

**B. All of the Plaintiff's removed claims are subject to mandatory abstention**.

The Court concludes that *all* of the Plaintiff's removed claims, Claim Nos. 1-4, are subject to mandatory abstention, and a remand of all the claims is required.

This Court is required to abstain from hearing all four of the Plaintiff's claims, under 28 U.S.C. § 1334(c)(2), because all of the requirements under that statute are met. That section states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

**First**, the Defendant's Remand Motion is "timely." It was filed on March 8, 2022, less than a month after the Plaintiff commenced this adversary proceeding by filing her notice of

---

[7] *See* Plaintiff's Resp. (Docket # 19) at 6.

4

removal on February 10, 2022.

**Second**, all four of the Plaintiff's claims are "based on a State law claim or State law cause of action." Indeed, before they were removed to this Court, all four of the Plaintiff's claims had been asserted, and were pending, in the state court action from which they were removed, and all of the claims are based on Michigan law.

**Third**, all four claims are "related to a case under title 11 but not arising under title 11 or arising in a case under title 11." The claims all are "related to" the Plaintiff's pending Chapter 13 bankruptcy case, Case No. 22-40755. None of the claims is a proceeding "arising under title 11 or arising in a case under title 11."

Under 28 U.S.C. §§ 1334(b), this Court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. This Court has previously discussed what "arising under title 11" means; what "arising in . . . cases under title 11" means; and what "related to cases under title 11" means.

> "The phrase 'arising under title 11' describes those proceedings that involve a cause of action created or determined by a statutory provision of title 11, and 'arising in' proceedings are those that, by their very nature, could arise only in bankruptcy cases." *Bliss Technologies, Inc. v. HMI Indus., Inc.* (*In re Bliss Technologies, Inc.*), 307 B.R. 598, 602 (Bankr. E.D. Mich. 2004)(quoting [*Mich. Emp. Sec. Comm'n v. Wolverine Radio Co., Inc.* (*In re Wolverine Radio Co., Inc.*), 930 F.2d 1132, 1144 (6th Cir. 1991)]. These two categories of civil proceedings are "core" proceedings within the meaning of 28 U.S.C. §§ 157(b)(1) and 157(b)(2). *Id.*

*Allard v. Coenen* (*In re Trans-Industries, Inc.*), 419 B.R. 21, 27 (Bankr. E.D. Mich. 2009) (footnotes omitted). As for the category of "related to cases under title 11," this Court has stated as follows:

5

> The Sixth Circuit has adopted the test articulated in *Pacor, Inc. v. Higgins* (*In re Pacor, Inc.*), 743 F.2d 984, 994 (3d Cir.1984), for determining "related to" jurisdiction:
>
>> "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.* Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."
>
> *Wolverine Radio*, 930 F.2d at 1142 (emphasis in original)(quoting *Pacor, Inc. v. Higgins* (*In re Pacor, Inc.*), 743 F.2d 984, 994 (3d Cir.1984)(emphasis in original)); *see also Lindsey v. O'Brien, Tanski, Tanzer and Young Health Care Providers of Connecticut* (*In re Dow Corning Corp.*), 86 F.3d 482, 489, 490 (6th Cir. 1996). . . . Proceedings "related to" the bankruptcy case include "more than simple proceedings involving the property of the debtor or the estate." *Celotex Corp. v . Edwards*, 514 U.S. [300,] 308 [(1995)]. And such "related to" proceedings include even "suits between third parties which have an effect on the bankruptcy estate." *Id.* at 308 n.5. But the Sixth Circuit has cautioned against finding "related to" jurisdiction in "situations . . . where [there is] an extremely tenuous connection to the estate[.]" *See Wolverine Radio,* 930 F.2d at 1142.

*Id.* at 28.

None of the Plaintiff's four state law claims (Claim Nos. 1-4) fit within the category of a proceeding "arising under title 11," because none of the claims involve a cause of action "created or determined by a statutory provision of title 11." Rather, the claims all are created and determined by Michigan law.

Nor do any of the Plaintiff's four state law claims fit within the category of a proceeding

6

"arising in [a] case[] under title 11," because none of the claims "are those that, by their very nature, could arise only in bankruptcy cases." Indeed, all of the Plaintiff's state law claims arose in the Plaintiff's pending state court case before the Plaintiff filed bankruptcy, not in the Plaintiff's bankruptcy case.

Rather, the Plaintiff's four state law claims each fits only within the category of "related to [a] case[] under title 11," because the Plaintiff's claims are property of the bankruptcy estate in the Plaintiff's pending Chapter 13 bankruptcy case, and "the outcome" of the Plaintiff's state law claims "could conceivably have [an] effect on the estate being administered in bankruptcy."

The Plaintiff argues that her Claim No. 4 is a core proceeding under 28 U.S.C. §§ 157(b)(2)(E) and 157(b)(2)(O).[8] The Plaintiff cites no case law supporting her argument. And the Plaintiff previously admitted that her claims are **not** core, in the "Report of the Parties' Rule 26(f) Conference" filed on March 9, 2022.[9] In paragraph 3(f) of that Report, the Plaintiff joined in stating that "[t]he parties agree that: . . . this is a non-core proceeding otherwise related to the bankruptcy case."[10]

Section 157(b)(2) provides, in relevant part,

> Core proceedings include, but are not limited to—
> . . .
> (E) orders to turn over property of the estate;
> . . .
> [and]

---

[8] Plaintiff 's Resp. (Docket # 19) at 2.

[9] "Report of Parties' Rule 26(f) Conference" (Docket # 15).

[10] *Id.* at 4, ¶ 3(f).

> (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims;

28 U.S.C. § 157(b)(2).

The Plaintiff's Claim No. 4 does not involve an "order to turn over property of the estate" within the meaning of § 157(b)(2)(E), nor can it be deemed a proceeding of the type described in § 157(b)(2)(O). Claim No. 4 does not seek an order requiring turnover of property of the bankruptcy estate. Rather, that claim seeks an order requiring the state court Clerk to turn over *property of Fraser*, who is the Plaintiff's judgment debtor, as a means of enforcing the Plaintiff's claimed judgment lien in the property of Fraser. So § 157(b)(2)(E) does not apply.

The Plaintiff's argument would require the Court to interpret §§ 157(b)(2)(E) and 157(b)(2)(O) so broadly that it would essentially make a "core proceeding" out of *any* pre-petition state law claim asserted by a bankruptcy debtor or a bankruptcy trustee. This would include a state law claim for breach of contract, or a state law claim to enforce and collect on a promissory note. Courts have not read §§ 157(b)(2)(E) or 157(b)(2)(O) so broadly. *See, e.g., Loomis Elec., Inc. v. Lucerne Prods, Inc.*, 225 B.R. 381, 386 (N.D. Ohio 1998) (holding that state law claims including breach of contract claim are not core proceedings); *Craig v. Air Brake Controls, Inc.* (*In re Crabtree*), 55 B.R. 130, 131-32 (Bankr. E.D. Tenn. 1985) (citations omitted) (holding that bankruptcy trustee's claim seeking to enforce a promissory note payable to the debtor, entitled "Complaint for Turnover Of Property Of The Estate," was not a core proceeding); 1 Collier on Bankruptcy ¶¶ 3.02[3][c], 3.02[3][d][ii] (Richard Levin & Henry J. Sommer eds., 16th ed. 2022); *see also Bliss Technologies, Inc. v. HMI Indus., Inc.* (*In re Bliss*

8

22-04012-tjt    Doc 21    Filed 03/25/22    Entered 03/25/22 16:50:03    Page 8 of 9

*Technologies, Inc.*), 307 B.R. 598, 608-11 (Bankr. E.D. Mich. 2004) (explaining why a state law claim for breach of fiduciary duty is not a core proceeding).

**Fourth**, the Plaintiff's four claims "could not have been commenced in a court of the United States absent jurisdiction under" 28 U.S.C. § 1334, within the meaning of § 1334(c)(2). There is no dispute about this.

**Fifth**, all of the Plaintiff's removed claims were commenced before their removal, and "can be timely adjudicated, in a State forum of appropriate jurisdiction," within the meaning of § 1334(c)(2). The Plaintiff does not argue otherwise, and there is no reason to think otherwise.

For these reasons, mandatory abstention applies under § 1334(c)(2), and this Court must abstain from hearing all four of the Plaintiff's claims. As a result, a remand to state court is required.

**III. Conclusion**

For the reasons state in this Opinion, the Court will enter an order remanding all of the Plaintiff's removed claims back to the Oakland County Circuit Court from whence they came.

**Signed on March 25, 2022**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**